IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

STEPHEN TRACY JEFFORDS, SR., §
§
Plaintiff §
§ Civil Action No.: CV290-604
v. §
§
CSX TRANSPORTATION, INC. §
§
Defendant §

**ORDER**

Plaintiff sued CSX Transportation, Inc. ("CSXT"), under the Federal Employer's Liability Act ("FELA"), 45 U.S.C. § 51, *et. seq.*, claiming that he contracted an occupationally-related lung disease while employed by CSXT. In addition, Plaintiff asserts a claim against CSXT in negligence, and alleging that Plaintiff's asbestos-related disease results from his household exposure to asbestos dust emitting from a family member's CSXT work clothing. Defendant CSXT has now moved this Court pursuant to Fed. R. Civ. P Rule 56, for partial summary judgment regarding Plaintiff's clothing exposure claims against CSXT and for an order *in limine* preventing Plaintiff, his attorney, or Plaintiff's witnesses, from referencing in the presence of the jury, Plaintiff's alleged exposure from the work clothing of a family member who worked for CSXT.

To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, and that the undisputed facts, viewed in a light most favorable to the party opposing the motion, warrant judgment as a matter of law. Fed. R. Civ. P.

1

Rule 56. CSXT argues that Plaintiff's 'clothing exposure' negligence action against the railroad fails because Plaintiff cannot establish that CSXT owed a duty to non-employees to protect them from asbestos dust emitting from the work clothing of its employees.

The Georgia Supreme Court recently answered a question certified to that court by the United States Court of Appeals for the Eleventh Circuit that disposes of this issue. In *Williams v. CSX Transp., Inc.*, 608 S.E.2d 208 (Ga. App. 2005), the court held, with regard to an identical factual scenario, that "Georgia negligence law does not impose any duty on an employer to a third-party, non-employee, who comes into contact with its employee's asbestos-tainted work clothing at locations away from the workplace." It is undisputed that as to Plaintiff's 'clothing exposure' claims against CSXT, Plaintiff was a third party non-employee of CSXT. The *Williams* decision thus requires that CSXT be granted partial judgment as a matter of law as to Plaintiff's 'clothing exposure' claims.

THEREFORE, based on the foregoing, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant CSX Transportation, Inc.'s Motion for Partial Summary Judgment and Motion *in Limine* as to Plaintiff's clothing exposure claims is hereby GRANTED.

So ORDERED this the 19 day of September, 2005.

_____
Judge
United States District Court
Southern District of Georgia

2